## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 06 2020, 9:51 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Eric C. Welch
Craig Beougher
Welch & Co., LLC
Muncie, Indiana

ATTORNEY FOR APPELLEE

Ana M. Quirk
Quirk & Hunter, PC
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin D. Johanns,

*Appellant-Plaintiff,*

v.

City of Muncie Fire Merit Commission,

*Appellee-Defendant.*

March 6, 2020

Court of Appeals Case No.
19A-PL-2695

Appeal from the
Delaware County Circuit Court

The Honorable
John M. Feick, Judge

Trial Court Cause No.
18C04-1901-PL-10

**Kirsch, Judge.**

[1] Kevin D. Johanns ("Johanns") appeals the trial court's order upholding the decision of the City of Muncie Fire Merit Commission ("the Commission") to

terminate his employment as a firefighter for the City of Muncie. He raises the following restated issues for our review:

I.      Whether the trial court misapplied the standard of review and erred in upholding the decision of the Commission because the decision was arbitrary and capricious and not supported by the evidence; and

II.     Whether Johanns's due process rights were violated because the City Attorney prosecuted the disciplinary case against him while simultaneously acting as the Commission's counsel throughout the proceedings.

We affirm.

## Facts and Procedural History

Johanns joined the Muncie Fire Department ("the Department") as a firefighter on May 2000 and served the required one-year probation period, ending May 22, 2001. Throughout his employment as a firefighter, he struggled to comply with the applicable rules and regulations. On numerous occasions between January 1, 2004 and December 31, 2008, Johanns reported late to work and was given verbal and written reprimands. Between January 1, 2010 and December 31, 2010, Johanns reported late to work and called in sick after the scheduled time to do so numerous times and was again given both verbal and written reprimands.

In 2012, Johanns was a driver for the Department. On multiple occasions, he had difficulty locating the addresses to which the firefighters were dispatched

for emergency calls; failed or refused to listen to directions provided by other firefighters; narrowly avoided traffic accidents; and caused his fire truck to be late to emergency calls. In addition, at various times, Johanns had difficulty hooking his truck to water and pump apparatus.

[5] In 2012, Johanns was assigned to Battalion Chief Clevenger ("Clevenger"). On multiple occasions, he was absent without leave or called in sick. He was given a one-day suspension for being unable to perform his duties. Johanns was unable to locate emergency scenes, failed to locate proper addresses, drove to wrong locations, was unable to operate the vehicles properly once he arrived at an emergency scene, and went the wrong way to the hospital. Clevenger testified that Johanns's promptness and attendance were worse than anyone that he was aware of in his thirty-year history on the department. *Appellant's App. Vol. II* at 48.

[6] During this period of time, Johanns was assigned to Fire Station #5. Although the station was around the corner from the hospital, Johanns was unable to find the hospital while driving emergency vehicles. On three separate occasions, Johanns was taken off the apparatus that he was attempting to operate because he could not properly perform his duties.

[7] Between January 1, 2013 and May 15, 2014, Johanns was unable to perform his duties and had to be relieved of his duties on the ground by another firefighter. He continued to be unable to fulfill his duties as a firefighter, to call in sick, and

to be late to his shift. He also continued to have difficulty with driving and locating addresses and was involved in a minor accident with a school bus.

[8] On January 26, 2016, Johanns was suspended without pay for one calendar day for absent without leave; in February 2016, he was reprimanded because he could not find the hospital while driving an emergency vehicle; and in April 2016, he was suspended without pay for three calendar days for being absent without leave. In addition, at various times from January 1, 2018 to April 1, 2018, Johanns failed to report for duty by the designated time and failed to contact Clevenger. In March 2017, he was suspended without pay for five calendar days and for seven calendar days for being absent without leave.

[9] On May 18, 2018, the Fire Chief for the City of Muncie ("the Chief"), Eddie Bell, filed a Verified Disciplinary Complaint against Johanns. Hearings were held by the Commission on October 17, 2018 and December 20, 2018. On January 10, 2019, the Commission decided to terminate Johanns's employment.

[10] On January 17, 2019, Johanns filed a Verified Complaint for Declaratory Relief. The Commission filed its answer on March 13, 2019 and its Motion for Judgment on the Evidence on September 10, 2019. Johanns filed his Response and Counter Motion for Judgment on the Evidence on September 21, 2019. On October 22, 2019, the trial court issued its Order upholding the decision of the Commission. Johanns now appeals.

# Discussion and Decision

## I. Sufficient Evidence

On appeal, Johanns contends that the trial court erred in upholding the Commission's decision to terminate him. Specifically, he argues that the Commission's decision was arbitrary, capricious, an abuse of discretion, unsupported by the evidence, and in excess of statutory authority. Johanns asserts that the evidence presented did not support the Commission's decision to terminate his employment and that his termination was consistent with the discipline administered to other similarly situated firefighters.

Judicial review of administrative decisions is very limited. *Gray v. Cty. Of Starke*, 82 N.E.3d 913, 917 (Ind. Ct. App. 2017), *trans. denied*. We give deference to the expertise of the administrative body. *Id.* Discretionary decisions of administrative bodies, including those of merit commissions, are entitled to deference absent a showing that the decision was arbitrary and capricious, or an abuse of discretion, or otherwise not in accordance with law. *Winters v. City of Evansville*, 29 N.E.3d 773, 778 (Ind. Ct. App. 2015), *trans. denied*. Our review is limited to determining whether the administrative body adhered to proper legal procedure and made a finding based upon substantial evidence in accordance with appropriate constitutional and statutory provisions. *Id.* The reviewing court does not substitute its judgment for that of the administrative body, or modify a penalty imposed in a disciplinary action, absent a showing that the action was arbitrary and capricious. *Id.*

[13] "'An arbitrary and capricious decision, which the challenging party bears the burden of proving, is a decision which is willful and unreasonable, made without any consideration of the facts and in total disregard of the circumstances, and lacks any basis which might lead a reasonable and honest person to the same decision.'" *Gray*, 82 N.E.3d at 917 (quoting *Bird v. Cty. Of Allen*, 639 N.E.2d 320, 328 (Ind. Ct. App. 1994)). Substantial evidence is such relevant evidence as a reasonable mind might accept as being adequate to support a conclusion. *Id.* We do not reweigh the evidence upon review. *Id.*

[14] Indiana Code section 36-8-3-4 provides for the disciplinary powers of safety boards in cities. The statute provides in pertinent part that a member of the fire department may be disciplined by demotion, dismissal, reprimand, forfeiture, or suspension upon a finding and decision of the safety board that the member has been or is guilty of neglect of duty, neglect or disobedience of orders, or absence without leave. Ind. Code § 36-8-3-4(b)(2)(A), (C), (E).

[15] Here, Johanns was hired as a firefighter in 2001. Following his probationary period, he quickly progressed as a firefighter and was promoted to the rank of sergeant in 2007. Thereafter, his performance deteriorated. Since 2012, Johanns had issues with reporting for work. A summary of Johanns's attendance and disciplinary actions from 2013 to 2018 was introduced during the hearing. *Appellant's App. Vol. II* at 109-113. Over that time period, there were multiple instances of Johanns being absent without leave. The Department had attempted to progressively discipline Johanns beginning with

reprimands and continuing to a suspension of seven days without pay. *Id*. at 51-52, 77.

[16] In addition to his problems with attendance, Johanns could not fulfill his duties as a firefighter. He was unable to locate emergency scenes; his driving was unsafe; he was unable to operate fire apparatus at the scene of a fire; and he failed to obey his officers' directions. At one point, although he was stationed at the fire station located across the street from the hospital, Johanns could not find his way to the hospital while driving an ambulance after firefighters had pulled a person out of a burning structure, which put the person's life at risk. *Id*. at 50, 64. He consistently did not know the driving directions to emergency locations. As forms of discipline, Johanns was reduced in rank, moved to other stations, and given multiple days off work without pay. At one point, he was also prohibited from driving or operating any vehicle during emergency situations. Further, Johanns was unable to pump his fire truck in order to obtain water to fight fires, which endangered firefighters at the other end of the hose because they needed water to fight the fires. *Id*. at 50. He was also unable to operate the aerial apparatus and other special pieces of equipment. *Id*. at 50, 78.

[17] Furthermore, Johanns earned failing scores on his job performance evaluations in 2013, 2014, 2015, and 2016. *Id*. at 51-52. He only passed the job performance evaluation in 2017 because he was no longer given any responsibilities with his job. *Id*. at 52. His rank had been reduced, he was not

driving emergency vehicles, and he was no longer using the pumping equipment. *Id*.

[18] Clevenger testified that Johanns's ability on the job, his general promptness and attendance at work, and his disciplinary issues were worse than anyone else in his thirty-year history in the Department. *Id*. at 48, 53, 55. Johanns had received more individual training, more tutoring, more retraining than anyone else in the department which was not common for a seventeen-year veteran. *Id*. at 54. Clevenger believed that Johanns was treated fairly and equally with other members of the Department. *Id*. at 55.

[19] We, therefore, conclude that there was substantial, relevant evidence presented to support the decision by the Commission to terminate Johanns's employment. The evidence presented was sufficient to lead a reasonable person to support the conclusion to terminate the employment of Johanns, and the decision was not arbitrary and capricious. The trial court did not err in upholding the Commission's decision.

## II. Due Process

[20] Johanns contends that he was deprived of his due process rights at the Commission's hearing. He contends that his hearing was fundamentally flawed because the attorney for the Commission was also the City Attorney prosecuting the matter. Johanns maintains that there was a conflict of interest where the City Attorney acted as an advocate for the position of the

Department in prosecuting the disciplinary actions against Johanns while simultaneously representing the Commission which is the factfinder in the case.

[21] Due process requires a neutral, or unbiased, adjudicatory decision maker. *Torres v. City of Hammond*, 12 N.E.908, 909 (Ind. Ct. App. 2014). Scholars and judges consistently characterize provision of a neutral decision maker as one of the three or four core requirements of a system of fair adjudicatory decision making. *Id*. (citing *Rynerson v. City of Franklin,* 669 N.E.2d 964, 967 (Ind. 1996)).

[22] In *Rynerson v. City of Franklin*, which dealt with a disciplinary hearing against a police officer conducted by the City of Franklin Board of Public Works and Safety, our Supreme Court found no due process violation and upheld the termination where the city attorney was also a member of the Board of Public Works and Safety but recused himself from the board for the hearing. 669 N.E.2d at 966. There, the city attorney prosecuted the case against the police officer after having temporarily recused himself from his position on the board. *Id*. The remaining members of the board determined that the police officer was guilty of conduct unbecoming an officer and neglect of duty and terminated the police officer's employment with the department. *Id*.

[23] In *Torres v. City of Hammond*, this court found that Torres did not have the benefit of an impartial decision maker in a proceeding before a city board where the city attorney served on the board, and the case was argued by the assistant city attorney. 12 N.E.3d at 910. Our court found *Rynerson* inapposite because

the city attorney in *Rynerson* had recused himself from the board and did not participate in the proceedings before the board. *Id.* But, in *Torres*, the assistant city attorney argued the case before a board on which the city attorney participated as a member and in the decision-making process. *Id.* Therefore, the city attorney's office participated in both the prosecution of the case and the decision-making process, and this court found that Torres's due process rights were violated. *Id.*

[24] Here, the city attorney was not a member of the Commission and had no decision-making power with the Commission. Johanns was afforded an opportunity to have a hearing before the Commission and was represented by an attorney at each stage of the proceeding. He was given the opportunity to present evidence and witness testimony at the hearing before the Commission. The Commission found that Johanns's overall performance as a firefighter was poor, that he neglected his duties as a firefighter, disobeyed orders, and was absent without leave and concluded that Johanns's employment should be terminated. The city attorney did not participate in the determination of the factual issues or vote upon the decision to terminate Johanns. We, therefore, conclude that Johanns's due process rights were not violated by the city attorney prosecuting the charges against him even though he acted as attorney for the Commission when the city attorney was not a member of the Commission and did not participate in the decision-making process.

[25] In conclusion, the decision of the Commission terminating the employment of Johanns was supported by sufficient evidence, the trial court did not err in

affirming it, and Johanns's due process rights were not violated by the city attorney.

[26]    Affirmed.

Bailey, J., and Mathias, J., concur.